UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. |
| | : | |
| v. | : | (JUDGE        ) |
| | : | |
| DAVID R. PARKER, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A.  Violation(s), Penalties, and Dismissal of Other Counts

1.  <u>Waiver of Indictment/Plea of Guilty</u>.  The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania.  That Information will charge the defendant with a violation of Title 18, United States Code, Section 1591(a) and (b)(1), sex trafficking of a minor.  The maximum penalty for that offense is imprisonment for a

period of life, a fine of $250,000, a maximum term of supervised release

of life, to be determined by the court, which shall be served at the

conclusion of and in addition to any term of imprisonment, the costs of

prosecution, the denial of certain federal benefits, and a special

assessment of $100. If the defendant is convicted of human trafficking,

sex trafficking, or a child pornography/child sexual exploitation offense,

and if the Court finds the defendant is not indigent, an additional

special assessment of $5,000 will be imposed pursuant to Title 18

U.S.C. § 3014(a). At the time the guilty plea is entered, the defendant

shall admit to the court that the defendant is, in fact, guilty of the

offense(s) charged in the Information. The defendant agrees that the

United States may, at its sole election, reinstate any dismissed counts

or seek additional charges in the event that the charge(s) to which the

defendant has pleaded guilty pursuant to this Agreement are

subsequently vacated, set aside, or invalidated by the district court or

an appellate court. The defendant further agrees to waive any defenses

to reinstatement of these charges or additional charges based upon

laches, the assertion of speedy trial rights, any applicable statute of

2

limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.    Mandatory Minimum Sentence.  Count 1 of the Information carries a mandatory minimum period of imprisonment of 15 years.

3.    Term of Supervised Release.  The defendant understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4.    Maximum Sentence.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is life in prison and/or fines totaling $250,000, a lifetime of supervised release, the costs of prosecution, denial of certain federal benefits and an assessment totaling $5,100.

3

## B. Fines and Assessments

5.    Fine. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

6.    Inmate Financial Responsibility Program. If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.    Special Assessment. The defendant understands that the court will impose a special assessment of $100 pursuant to the

4

provisions of Title 18, United States Code, Section 3013. Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

## C. Sentencing Guidelines Calculation

8. _Determination of Sentencing Guidelines._ The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by _United States v. Booker_, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and

5

the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

9.   Acceptance of Responsibility– [Two/Three] Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two [three]-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two [three]-level reduction shall not be a basis to void this Plea Agreement.

10.   Joint Non-Binding Sentencing Recommendations.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

**a.)   The Government and the defendant agree to recommend to the Court that the defendant be sentenced to a term of imprisonment of not less than 360 months;**

6

**b.)** **The Government and the defendant further agree to recommend to the Court that upon release from incarceration, the defendant be placed on supervised release for a period of life.**

The defendant understands that none of these recommendations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession which it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

11.   <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house, or similar facility.

(g) The defendant be placed under home confinement.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## D.  Victims' Rights and Restitution

12.    Victims' Rights.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under

those Acts by the Attorney General of the United States, crime victims have the following rights:

(a)   The right to be reasonably protected from the accused;

(b)   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

(c)   The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding;

(d)   The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)   The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the

victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)     The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

13.     <u>Restitution</u>. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The defendant also agrees that the

11

Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  The defendant understands and agrees that the Government has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion.  Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government.  Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its

sole election, elect to pursue civil and/or criminal forfeiture in the

amount of the victim restitution owed in this case, and the court may

enter both a restitution order and a forfeiture judgment in the amount

of any unpaid restitution found by the court to be due and owing at the

time of sentencing in this matter. The defendant consents to the filing

of any civil complaint or superseding information which may be

necessary to perfect a forfeiture order and further stipulates and agrees

that the defendant's guilty plea constitutes an admission to all matters

legal and factual necessary for entry of a forfeiture order in this case.

The parties agree that any restitution payments obtained by the United

States or the victim will be applied by the United States to reduce both

the restitution obligation in this case and the amount of the

outstanding forfeiture order entered by the court. The parties further

agree that the Government will recommend that any assets recovered

through forfeiture proceedings be remitted to crime victims to reduce

the defendant's restitution obligation in this case. The defendant

acknowledges that the making of any payments does not preclude the

Government from using other assets or income of the defendant to

satisfy the restitution obligations.  The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different than the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

14.    <u>Full Restitution by Schedule</u>.  The defendant agrees to make full restitution in accordance with a schedule to be determined by the court.

## E.  Information Provided to Court and Probation Office

15.    <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

16.    <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation

14

Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

17.   <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

18.   <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F.  Court Not Bound by Plea Agreement

19.    Court Not Bound by Terms.  The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for life, a fine of $250,000, a maximum term of supervised release of up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $5,100.

## G.  Breach of Plea Agreement by Defendant

20.    Violation of Law While Plea or Sentence Pending.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may

17

petition the court and, if the court finds by a preponderance of the

evidence that the defendant has committed any other criminal offense

while awaiting plea or sentencing, the Government shall be free at its

sole election to either: (a) withdraw from this Agreement; or (b) make

any sentencing recommendations to the court that it deems appropriate.

The defendant further understands and agrees that, if the court finds

that the defendant has committed any other offense while awaiting plea

or sentencing, the defendant will not be permitted to withdraw any

guilty pleas tendered pursuant to this Plea Agreement, and the

government will be permitted to bring any additional charges, which it

may have, against the defendant.

## H.   Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

21.   Sex Offender Registration (Megan's Law/Adam Walsh Act)

Notice. The defendant understands that the court, as a condition of

supervised release or probation, must order the defendant to comply

with all sex offender registration requirements under the Sex Offender

Registration and Notification Act and that, if applicable, defendant

18

must register and keep registration current and accurate in each of the

following jurisdictions: the location of residence; the location of

employment; and location of any school that defendant is attending.

The defendant understands that such information must be updated not

later than three business days after any change. A failure to comply

with these and other obligations may subject the defendant to

prosecution under federal law. The defendant acknowledges that one

possible consequence of a guilty plea is that the court may determine,

after the completion of a sentence, that the defendant is a sexually

dangerous offender and may commit the defendant to a medical facility

for treatment.

     22.   <u>Civil Commitment as Sexually Dangerous Person</u>. The

defendant has been advised, and understands, that pursuant to Section

4248 of Title 18 of the United States Code, the defendant faces potential

civil commitment as a sexually dangerous person following the

expiration of the defendant's term of imprisonment. The defendant

understands that potential civil commitment would be the subject of a

separate proceeding. The defendant further understands that no one,

including the defendant's attorney or the district court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail, even if the consequence is indefinite civil commitment following the expiration of the defendant's term of imprisonment.

23. <u>Transfer of Case for Child Custody Determinations</u>. The defendant agrees to interpose no objection to the Government's transferring evidence or providing information concerning the defendant and/or this offense to other state or local authorities or agencies for purpose of child custody proceedings relating to the defendant.

## I. Deportation

24. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea. The defendant further agrees that this matter has been

20

discussed with counsel who has explained the immigration consequences of this plea. Defendant still desires to enter into this plea after having been so advised.

## J. Appeal Waiver

25. <u>Conditional Appeal Waiver – Direct</u>. The defendant is aware that Title 28, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, provided that the court imposes a sentence of not more than the jointly recommended sentence of 360 months. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

### K. Other Provisions

26. Agreement Binding on Other Agencies. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency. However, the Commonwealth of Pennsylvania Office of Attorney General has made written representations in connection with this case. The representations are set forth in a letter attached as Exhibit A to this plea agreement.

27.   No Civil Claims or Suits. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

22

28.   Plea Agreement Serves Ends of Justice. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

29.   Merger of All Prior Negotiations. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

23

30.    <u>Deadline for Acceptance of Plea Agreement</u>.  The original of
this Agreement must be signed by the defendant and defense counsel
and received by the United States Attorney's Office on or before 5:00
p.m., July 21, 2017, otherwise the offer may, in the sole discretion of the
Government, be deemed withdrawn.

31.    <u>Required Signatures</u>.  None of the terms of this Agreement
shall be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant and
defense counsel and then signed by the United States Attorney or his
designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

7/29/17
Date

DAVID R. PARKER
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

7/29/17
Date

LEO LATELLA, ESQUIRE
Counsel for Defendant

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

Aug 3, 2017
Date

By: _____
MICHELLE OLSHEFSKI
ASSISTANT U.S. ATTORNEY

25



COMMONWEALTH OF PENNSYLVANIA
### OFFICE OF ATTORNEY GENERAL
HARRISBURG, PA 17120

**JOSH D. SHAPIRO**
ATTORNEY GENERAL

1000 MADISON AVENUE
SUITE 310
NORRISTOWN, PA 19403
(610) 631-5947

**Michele Kelly Walsh**
CHIEF DEPUTY ATTORNEY GENERAL

OFFICE 610-631-5947
mkwalsh@attorneygeneral.gov

June 27, 2017

Michelle Olshefski, Assistant United States Attorney
United States Attorney's Office
235 N. Washington Ave., Suite #311
Scranton, PA 18503

> **RE:** **Commonwealth vs. David Parker**
> *CP-45-CR-0001716-2016 - Monroe County*
> *CP-45-CR-0001717-2016 – Monroe County*
> *MJ-07203-CR-0000028-2017- Bucks County*
> *MJ-11104-CR-0000534-2016- Luzerne County*

Dear AUSA Olshefski:

In reference to the above captioned cases, upon the federal court's imposition of a minimum sentence of 30 years' incarceration in a federal correctional facility, as well as compliance with all additional conditions and requirements of the written plea agreement signed by the defendant, including his agreement to testify truthfully in any related state prosecutions if called to do so, as well as the imposition of a lifetime of supervised release, and compliance with all registration requirements of the Sexual Offender Registration and Notification Act (the Adam Walsh Act), the Commonwealth will seek leave to nolle pros the above cases once the defendant is sentenced. Further, the Commonwealth will not charge the defendant in these two cases that are currently at the district court level, *Commonwealth vs. Paige Tasker, MJ-43403-CR-0000160-2017 (Monroe County)* and *Commonwealth vs. Anna Durbin, MJ-43403-CR-0000183-2017 (Monroe County)*, for his alleged conduct as it relates to those prosecutions.

Very truly yours,

*Michele Kelly Walsh*

Michele Kelly Walsh
Chief Deputy Attorney General
Child Predator Unit

MKW/dw
Enclosures

ATTACHMENT "A"